# BECHMAN *v.* SCOTT

# SCOTT *v.* BECHMAN.

, Patents; Interference; Right to Make Claims.

In an interference proceeding involving an improvement in rotary print-
ing presses, where the question was as to the right of one of the
parties to make claims corresponding to the counts of the issue,
which called for a plurality of sets of cylinders in adjacent sets, ar-
ranged end to end, and for a series of coacting plate and impression
cylinders similarly arranged, it was *held* that he had no such right,
as these requirements could not be found in his machine, while they
were present in the machine of his rival, and also that results which
could be obtained by the latter's machine concededly could not be ac-
complished by his.

Nos. 958 and 959.    Patent Appeals.    Submitted January 14, 1915.    De-
cided March 8, 1915.

Hearing on two separate appeals from the decision of the
Commissioner of Patents in an interference proceeding.
                    *Reversed in part and affirmed in part.*

The Court in the opinion stated the facts as follows:

These are appeals from the decision of the Commisioner of
Patents in an interference proceeding involving an improvement
in rotary web printing presses.    The issues are embraced in the
following two counts:

"1.   A rotary printing press comprising a plurality of sets of
rotary cylinders, the cylinders in adjacent sets being arranged
end to end, and means for rotating said cylinders; a set of
folders and diagonally arranged web-guides adjacent to each set
of printing cylinders, whereby the webs printed by such cylin-
ders may be directed to any folder.

"2. A rotary printing press comprising a series of plate cylinders arranged end to end, and coacting impression cylinders similarly arranged, and means whereby the cylinders in each series may be rotated synchronously; with means whereby any set of cylinders may be thrown out of operation, a plurality of folding mechanisms, and diagonally arranged web-guides adjacent to each printing mechanism, whereby the web printed by any cylinder may be directed to any folder."

The interference is between an application for patent filed December 15, 1904, by one Walter Scott, now deceased, and an application of Henry F. Bechman, filed March 2, 1905. The counts in interference were embraced in an amendment to Bechman's application made July 7, 1905. Claims corresponding to the issue were not made in Scott's application until April 25, 1911, when they were entered by amendment at the request of Scott's executors. The Examiner of Interferences awarded priority of invention to Bechman, on the ground that Scott was not entitled to make claims corresponding to either of the counts of the issue. The Board of Examiners in Chief affirmed the decision of the Examiner of Interferences as to count 1, but reversed it as to count 2, holding Scott entitled to make a claim corresponding to count 2, and awarding priority to Scott as to that count, on the ground that, although Bechman was the first to conceive, he had failed to exercise reasonable diligence in reducing his invention to practice. The Commissioner affirmed the Board of Examiners in Chief, from which decision the case comes here on appeal.

The printing presses of the respective parties differ materially in form, arrangement, and operation. Bechman's press is embraced within a single framework, containing four different sets of perfecting printing mechanisms. The cylinders of each perfecting mechanism are in the same plane; and the relative position of the four perfecting mechanisms is such that the several cylinders of each are arranged in parallel rows, with the axes of the corresponding cylinders in alignment. The ends of the adjacent cylinders are brought as closely together in the frames of the press as they can be arranged to insure the inde-

pendent operation of each perfecting mechanism. On each end of the frame is arranged a pair of folding devices to fold the webs or sheets when delivered from the perfecting mechanisms. Diagonally arranged web-guides are constructed above and adjacent to each of the perfecting mechanisms designed to convey the web or sheet at the will of the operator from the perfecting mechanism to which it is adjacent to any one of the four folders. The plate cylinders for each perfecting mechanism are placed at a uniform elevation, and are so located as to be accessible from the opposite sides of the press.

Scott's press consists of two separate printing machines set a distance apart and connected by means for uniform operation. Each machine is mounted in a separate frame, and each machine contains two sets of perfecting printing mechanisms, one placed above the other. The separate machines are arranged side by side at a convenient distance apart to facilitate operation, with their printing cylinders of corresponding levels in alignment. In other words, the sets of cylinders in the lower perfecting mechanism of each of the two machines entering into the Scott construction are in alignment and in parallel rows, while the sets of cylinders of the upper perfecting mechanism of each of the two machines are also in alignment and in parallel rows. Thus, in Scott's press, the four perfecting mechanisms are in two planes—two on the upper plane, and two on the lower. The two sets of cylinders on each plane have their ends positioned opposite one another, but not immediately adjacent, as in the Bechman machine. At the rear of each of the two machines which form the Scott press is a pair of folders, above which are located diagonally disposed web-guides for the purpose of conducting a web or sheet from either of the two perfecting mechanisms of the machine to either of the two folders attached thereto. Unlike the Bechman press, the arrangement is such that it is impossible to direct the full web or sheet from any one of the four perfecting mechanisms to any one of the four folders. The operation of the folders and web-guides on the Scott press is described in the opinion of the Board of Examiners in Chief as follows: "The arrangement, however, is such that the entire product coming from either or both of the several sets of perfecting mechanisms carried by either or both of the frameworks of

Scott may be directed to either of those folders which are located nearest to the frameworks. It is not possible, however, to similarly direct the products of all of the perfecting mechanisms to either of the folders which are more remote from the frameworks."

A brief comparison of the presses of the interference will suffice to demonstrate their dissimilarity. Bechman discloses a single printing press containing four perfecting mechanisms adjacently arranged, with the four sets of perfecting cylinders arranged end to end, extending longitudinally and on the same plane; while Scott has two sets of perfecting cylinders on one plane and two on another, and not arranged consecutively end to end, but end to end in pairs only across an intervening space of indefinite width. In the Bechman press stereotype plates may be operated by the pressman from the front or rear of the respective cylinders; while in the Scott press they can only be operated from above, or from the ends of the cylinders. In Bechman's press a set of web-guides is constructed directly over each printing mechanism; while in the Scott press the web-guides are located directly over the folders. Bechman has a single structure; while Scott has two structures which may be separated and operated as independent printing presses. Each shows a plurality of perfecting printing mechanisms, a plurality of folders, and diagonally arranged web-guides.

*Messrs. Dowell & Dowell* for Bechman.

*Mr. Axel V. Beeken* for Scott et al.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

With this description of the inventions in issue before us, we come to the points on which this interference must turn. They consist, we think, (1) in the arrangement of the cylinders in Bechman's press in a single plane, as against Scott's two parallel planes, one above the other; and (2) in the ability of Bechman to deliver a full web or sheet from any perfecting mechanism to any folder, as compared to the inability of Scott to accomplish this feat.

Count 1 calls for a plurality of sets of cylinders in adjacent sets arranged end to end, and count 2 for a series of coacting plate and impression cylinders arranged end to end. In our opinion, this requirement can only be found in the Bechman machine, where the plurality of sets of cylinders in the four perfecting mechanisms, which, in the aggregate, make up the press, are arranged end to end in alignment and on the same plane. In the Scott machine, only the cylinders of the two perfecting mechanisms on the same plane are arranged end to end. The language of the counts must be construed as referring to all of the sets of cylinders of the perfecting mechanisms embraced in the respective machines as constituting the plurality adjacently situated in series end to end.

The counts also require that the web-guides shall be so related to the perfecting mechanisms and the folders that a full web or sheet from any cylinder may be directed to any folder. This interpretation must obtain for the reason that Bechman's press is capable of accomplishing this result, and a reasonable interpretation of the counts calls for its accomplishment. Therefore, before Scott can make the claims, he must be able to show that his press is capable of doing the same thing. It is conceded that the result which is attained by Bechman cannot be accomplished on the Scott press. This is a material and controlling element of both counts, and the conceded inability of Scott's press to accomplish this result forces us to the conclusion that he is not entitled to make the claims.

It is unnecessary to pass upon the other points advanced by the appeal, since the ones considered are decisive of the case. The decision of the Commissioner of Patents is affirmed as to count 1, and reversed as to count 2. The clerk is directed to certify these proceedings as by law required.

*No. 958 reversed; and No. 959 affirmed.*